*E-FILED 9.18.2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK TOSSMAN,<br><br>    Plaintiff,<br>  v.<br><br>JO ANNE B. BARNHART,<br><br>    Defendant. | No. C06-04992 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Re: Docket Nos. 9 and 10] |

In this Social Security action, plaintiff Jack Tossman ("plaintiff") appeals a final decision by the Commissioner[1] ("defendant" or "Commissioner") denying his application for disability insurance benefits and supplemental security income. Presently before this court are the parties' cross-motions for summary judgment.[2] The matter was deemed submitted without oral argument. Upon consideration of the papers filed by the parties, and for the reasons set forth below, the parties' cross-motions are granted in part and denied in part, and the case is remanded for reconsideration consistent with this opinion.

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration in February 2007.

[2] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

<pre>                                                        Case 5:06-cv-04992-HRL   Document 13   Filed 09/18/07   Page 2 of 8</pre>

## I. BACKGROUND

Plaintiff was born in 1947 and was 58 years old at the time the Administrative Law Judge ("ALJ") rendered the decision under consideration here. He completed high school as well as two years of college and additional vocational training as a studio recording and sound technician. He has past relevant work experience as a sound mixer.

In 2003, he filed an application for disability insurance benefits, claiming disability since July 2002 due to severe bilateral hearing loss, depression, neck and back pain. The application was denied initially; and, plaintiff requested reconsideration, additionally alleging hypertension, anxiety, and impaired ability to focus. His claims were denied on reconsideration, and plaintiff requested a hearing before an ALJ. In his hearing brief, he further contended frequent shortness of breath and an inability to tolerate noisy or crowded environments.

A hearing was held before an ALJ on August 30, 2005. In a decision dated October 6, 2005, the ALJ concluded that plaintiff was not disabled under the Social Security Act. She found that plaintiff has almost complete hearing loss in the left ear and mild to moderate high-tone hearing loss in the right ear and suffers from secondary dysthymic disorder – and that these were "severe" impairments. However, she concluded that plaintiff did not have an impairment listed in or medically equal to one listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Noting that plaintiff is an individual of "advanced age" (20 C.F.R. §§ 404.1563 and 416.963), the ALJ further found that he has no objective exertional limitations and retains the residual functional capacity ("RFC") to perform a significant range of "medium" work that does not require exposure to very loud working environments, performance of detailed or very complex tasks, and frequent interaction with others. She found that plaintiff cannot perform his previous work and has no transferable skills, but concluded that he could perform assembly and janitorial jobs which exist in significant numbers in the national and local economy.

On June 20, 2006, the Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

2

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

## III. DISCUSSION

Plaintiff does not dispute the ALJ's conclusion that he retains the RFC to perform medium work.[3] However, he contends that the ALJ improperly relied on the testimony of the vocational expert (VE) in concluding that he can perform unskilled janitorial jobs because that testimony unjustifiably conflicts with the Dictionary of Occupational Titles ("DOT"). Further, he asserts that, even assuming the ALJ's RFC determination is correct, the VE otherwise identified only sedentary (assembly) jobs and the ALJ therefore was obliged to apply the sedentary medical-vocational guideline ("grid") rules and find that he is disabled.

---

[3] "Medium work involves lifting no more than 50 pound at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). If an individual can do medium work, he is also deemed capable of performing sedentary and light work. *Id*.

3

### A. <u>ALJ's Reliance on VE Testimony</u>

If a claimant is unable to perform his previous work, the Commissioner must "identify specific jobs existing in substantial numbers in the national economy that [the] claimant can perform despite [the] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1520(a)(4)(v). The DOT raises rebuttable job classification presumptions. *Johnson*, 60 F.3d at 1435-36. "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Id.* at 1435.

The Ninth Circuit recently held that, in view of the requirements of Social Security Ruling 00-4p, an ALJ may not rely on a VE's testimony about the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT and whether there is a reasonable explanation for any deviation. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). The failure to do so may be harmless where there is no conflict or where the VE provides sufficient support justifying any deviations. *See id.* at 1154 n.19.

In this case, the ALJ posited a hypothetical for an individual of plaintiff's age, education and experience, with an RFC for medium work that did not require exposure to very loud working environments. The VE testified that plaintiff could not perform his previous work and had no transferable skills. (AR 440-41). However, he stated that there were a number of unskilled, sedentary jobs plaintiff could perform – namely, assembly jobs (5,000 in the Bay Area region) and electronic assembly jobs (5,000-6,000 in the Bay Area region). (AR 441). When further probed by the ALJ as to the existence of any medium, unskilled work, the VE identified janitorial jobs (12,000-14,000 in the Bay Area economy), with a subcategory of afternoon/evening janitorial positions (school janitor being one example) that did not require contact with crowds (3,000-4,000 in the Bay Area economy) (AR 444).

Plaintiff contends that the ALJ erred in concluding that he could perform the identified janitor jobs because the DOT contains no listing for *school* janitor jobs. However, "[t]he DOT 'is not the sole source of admissible information concerning jobs.'" *Johnson*, 60 F.3d at 1435 (quoting *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994)). "'The Secretary may take

4

administrative notice of any reliable job information, including . . . the services of a vocational expert.'" *Id*. (quoting *Whitehouse v. Sullivan*, 949 F.3d 1005, 1007 (8th Cir. 1991)). "Introduction of evidence of the characteristics of specific jobs available in the local area through the testimony of a vocational expert is appropriate, even though the job traits may vary from the way the job title is classified in the DOT." *Id*. In this case, as noted above, school janitor was but one example of afternoon/evening janitorial positions identified by the VE. The fact that the DOT may not contain a specific listing for school janitor is of no moment:

> The DOT itself states that it is not comprehensive, but provides only occupational information on jobs as they have been found to occur, but they may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities. DOT users demanding specific job requirements should supplement this data with local information detailing jobs within their community.

*Id*. (citing DOT at xiii; *Barker*, 40 F.3d at 795). Here, the VE testified that there are 3,000-4,000 such jobs existing in the Bay Area economy. (AR 444).

Plaintiff nevertheless maintains that the DOT contains no listing for *unskilled* janitor jobs and that the VE did not provide sufficient evidence to rebut the DOT's classification of such jobs. The Commissioner seems to acknowledge that the DOT classifies some janitorial jobs as semi-skilled, but argues that the VE "fully explained" why various skill levels exist within the janitor category. The record shows that the VE did not provide a DOT number for the unskilled janitorial jobs he identified. When, on cross-examination, plaintiff's counsel probed into the VE's classification of such jobs as unskilled, the VE answered only, "You can just hire off the street for these positions." (AR 445).

The Commissioner argues that the VE's testimony is sufficient to sustain the ALJ's findings and further contends that common sense dictates that unskilled janitorial positions in fact exist. "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality or inferences drawn from the context of the expert's testimony." *Light v. Social Security Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (citations omitted). Here, however, the ALJ did not inquire or determine whether the VE's testimony conflicted with the DOT. *See Masachi*, 486 F.3d at 1152-53. Moreover, the court

5

1  cannot conclude that the VE's testimony that these are jobs for which one might "just hire off
2  the street" sufficiently describes "the specific requirements of a designated occupation with the
3  specific abilities and limitations of the claimant." *See Johnson*, 60 F.3d at 1435-36 (VE
4  testimony that production assembler and office helper jobs are "low stress occupations with
5  sit/stand options which require lifting of objects weighing mostly from one to five pounds" was
6  sufficient to rebut the DOT's classification of such jobs as light work). Thus, the court is
7  unable to determine whether the ALJ properly relied on the VE's testimony. Accordingly, the
8  case will be remanded so that the ALJ can perform the appropriate inquiries. *See Masachi*, 486
9  F.3d at 1152-53 (9th Cir. 2007).

**B.   Use of the Grids**

Plaintiff argues that because the only other jobs identified by the VE (i.e., assembly positions) fall within the sedentary category, the ALJ was obliged to apply the sedentary grids and find that he is disabled. The Commissioner argues that the sedentary grids are entirely irrelevant because plaintiff does not challenge the ALJ's finding that he retains the RFC for medium work. *See* 20 C.F.R., pt. 404, subpt. P, app. 2, § 203.00; *see also Heckler v. Campbell*, 461 U.S. 458, 467-68 (1983). However, defendant does not address plaintiff's cited cases which indicate that where VE testimony establishes that only sedentary jobs are available to a claimant, there is no substantial evidence to support an ALJ's decision to use grid rules for higher exertional levels. *See Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995); *Cooper v. Sullivan*, 880 F.2d 1152 (9th Cir. 1989).

In any event, the court does not reach this particular issue because, as discussed above, it agrees that remand is required as to the VE's testimony about the identified janitorial positions.

**IV.  ORDER**

Based on the foregoing, IT IS ORDERED THAT the parties' cross-motions for summary judgment are granted in part and denied in part and the matter is remanded for further

proceedings consistent with this opinion. The Clerk of the Court shall close the file.

Dated: September 18, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1 **5:06-cv-4992 Notice will be electronically mailed to:**

2 Shea Lita Bond shea.bond@ssa.gov

3 Marc V. Kalagian marckalagian_rohlfinglaw@hotmail.com, MKalagian@aol.com; bg_rohlfinglaw@hotmail.com

4

5 Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov; claire.muller@usdoj.gov

6 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.