NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK TOSSMAN,<br><br>    Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>    Defendant._____/ | No. C06-04992 HRL<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT; AND (2) DENYING DEFENDANT'S MOTION TO STAY JUDGMENT**<br><br>**[Re: Docket Nos. 15 and 20]** |

Pursuant to Fed.R.Civ.P. 59(e), the Commissioner moves to alter or amend this court's judgment remanding this matter for further proceedings. In ordering the remand, this court had concluded that the ALJ's failure to ask the vocational expert ("VE") about any possible conflicts in his testimony and the Dictionary of Occupational Titles ("DOT") constituted reversible error under Massachi v. Astrue, 486 F.3d 1149 (9th Cir. 2007) and that, in any event, the VE did not sufficiently describe the specific requirements of the identified afternoon/evening janitorial job categories with the specific abilities and limitations of the claimant, see Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995). Plaintiff opposes the motion. The matter was submitted without oral argument.

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington Northern Santa Fe R.R. Co., 338 F.3d 1058,

1  1063 (9th Cir. 2003) (citing McDowell v. Calderon, 197 F.3d 1253, 154 n.1 (9th Cir. 1999)).
2  Such a motion may be granted where (1) the motion is necessary to correct manifest errors of
3  law or fact upon which the judgment is based; (2) the moving party presents newly discovered
4  or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or
5  (4) there is an intervening change in controlling law.  Id.

6  In this case, the ALJ concluded that plaintiff retained a residual functional capacity for
7  medium work with no frequent direct interaction with others and which would not expose
8  plaintiff to loud work environments.  The VE testified that Tossman could not perform his
9  previous work and had no transferable skills.  When asked about the existence of medium,
10 unskilled work that would not expose plaintiff to safety hazards because of his impaired
11 hearing, the VE identified a broad janitorial job class (12,000-14,000 in the Bay Area
12 economy), but testified that the occupational base would be eroded by about two-thirds (3,000-
13 4,000 in the Bay Area economy) for afternoon/evening positions (school janitor being one
14 example) that did not require contact with crowds (AR 444).  The VE did not provide any DOT
15 job codes in his testimony.  When Tossman's attorney asked the VE why the identified
16 afternoon/evening janitorial job class was unskilled (as opposed to semi-skilled), he responded,
17 "You can just hire off the street for these positions."  (AR 445).  In the briefing on summary
18 judgment, the Commissioner acknowledged that the DOT classifies some janitorial jobs as
19 semi-skilled, but argued that the VE fully explained any discrepancy between the DOT and the
20 VE's testimony as to why various skills levels exist within the janitorial job class.

21 The Commissioner now contends that there is no inconsistency between the VE's
22 testimony as to the existence of unskilled afternoon/evening janitorial positions and that the
23 ALJ's failure to ask the VE about any possible conflicts between his testimony and DOT
24 classifications is therefore harmless.  See Massachi, 486 F.3d at 1154 n.19 (stating that the
25 ALJ's failure to inquire about possible conflicts between a VE's testimony and the DOT "could
26 have been harmless, were there no conflict, or if the vocational expert had provided sufficient
27 support for her conclusion so as to justify any potential conflicts.").
28

Here, the Commissioner, in support of the motions at hand, has gone back to the DOT and found one position – DOT No. 358.687-010 Change House Attendant (alternative titles "Dry Boss," "Dry Janitor," and "Shower Room Attendant") – which is classified as medium work, with a specific vocational preparation ("SVP") of 2.  (Mot., Ex. A).  According to the Commissioner, jobs with an SVP of 2 are considered unskilled, <u>see</u> 20 C.F.R. § 416.968(a), and it therefore follows that the VE's testimony was consistent with the DOT.  However, this court finds that the VE's testimony does not provide sufficient detail about the requirements of the afternoon/evening janitorial job class for this court to meaningfully compare it to the DOT's Change House Attendant description (or to determine whether the Change House Attendant job is one that the VE had in mind) and to determine if the ALJ's failure to ask about any possible inconsistencies is actually harmless.

Accordingly, the Commissioner's motion to alter or amend the judgment is denied, and the motion to stay the judgment is denied as moot.

SO ORDERED.

Dated:   March 24, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:06-cv-4992 Notice has been electronically mailed to**:

Marc V. Kalagian marckalagian_rohlfinglaw@hotmail.com, bg_rohlfinglaw@hotmail.com, MKalagian@aol.com

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Shea Lita Bond shea.bond@ssa.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.